IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMIE L. KAUFMAN,**　　　　　　　　　　CASE NO. 3:24 CV 2221

　　　　Plaintiff,

　　　　v.　　　　　　　　　　　　　　　　JUDGE JAMES R. KNEPP II

**COMMISSIONER OF**
**SOCIAL SECURITY,**

　　　　　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
　　　　Defendant.　　　　　　　　　　　**ORDER**

### INTRODUCTION

Plaintiff Jamie L. Kaufman seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Jennifer Dowdell Armstrong for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Armstrong recommended this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed objections to the R&R (Doc. 11), and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in October 2020, alleging a disability onset date of January 1, 2013, later amended to October 16, 2020. *See* Tr. 103-08, 13. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on December 17, 2021, finding Plaintiff not disabled. (Tr. 10-28). Plaintiff appealed that decision, and the parties stipulated to a remand for further consideration by the ALJ. (Tr. 1936-43). The ALJ held a second hearing on May 2, 2024, during which Plaintiff and a vocational expert testified.

Following the hearing, on August 30, 2024, the ALJ issue a second decision finding Plaintiff was not disabled. (Tr. 1840-59). This appeal ultimately followed. (Doc. 1).

Plaintiff raised a single argument regarding the ALJ's decision: it failed to adequately account for the opinions of the state agency medical consultants with respect to her social-interaction limitations. *See* Doc. 6.

In her R&R, Judge Armstrong concluded the ALJ adequately explained the RFC restrictions and accounted for the state agency opinions, including the "superficial interactions" restrictions. She recommends the Court affirm the Commissioner's decision. *See* Doc. 10.

### STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### DISCUSSION[1]

Plaintiff raises a single objection to the R&R: she contends the ALJ failed to explain why the evidence warranted a limitation to only occasional interaction with supervisors, rather than superficial interaction with supervisors. Plaintiff argues "[i]t is ultimately the inability to trace the ALJ's reasoning that leaves the ALJ's decision unreviewable. The ALJ's decision does not allow for a subsequent reviewer to decipher why the record supports one social interaction limitation with supervisors, but not another." (Doc. 11, at 4). This Court, like Judge Armstrong, rejects Plaintiff's assertion and concludes the ALJ's reasoning was adequately explained and supported by substantial evidence.

State agency psychological consultants opined that Plaintiff was only able to relate to coworkers and supervisors "on a superficial level" and limited her to "occasional superficial interactions with the general public." (Tr. 71, 82). The ALJ found these opinions to be only somewhat persuasive. (Tr. 1857). While the ALJ found the record supported greater limitations than those opinions regarding interactions with the public, she concluded there was no support on the record for applying superficiality to occasional interactions with supervisors. (Tr. 1856-57). Accordingly, the ALJ limited Plaintiff to: (1) no interaction with the public, (2) occasional interaction with supervisors and coworkers, (3) only superficial coworker contact, defined as brief exchanges for specific purposes and casual conversation, and (4) no team or tandem tasks. (Tr. 1852-57). In reaching those restrictions, the ALJ acknowledged evidence that Plaintiff had difficulty with authority figures and was once terminated following conflict with a supervisor, but

---

1. Neither party objects Judge Armstrong's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Armstrong.

3

reasonably relied on other evidence showing Plaintiff's ability to interact appropriately in different settings. Specifically, the ALJ noted Plaintiff's successful completion of probation, participation in group classes requiring interaction with leaders, and generally appropriate interactions with healthcare providers and staff. (Tr. 1857).

Plaintiff argues that "[j]ust because Ms. Kaufman attended therapy and did not have a meltdown with her treating providers does not mean that [she] was rightfully limited to occasional interaction with supervisors and rightfully excluded any limitation to superficial interaction with supervisors." (Doc. 11 at 4). In essence, Plaintiff asks this Court to reweigh the evidence. But the question is not whether other evidence could support Plaintiff's preferred restriction; it is whether the ALJ applied the correct legal standards and reached a decision supported by substantial evidence. *Walters*, 127 F.3d at 528.

The Court agrees with Judge Armstrong that the ALJ adequately explained her reasoning and properly accounted for the evidence in formulating the RFC. Plaintiff's objection is without merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Armstrong's R&R (Doc. 10) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE

Dated: August 21, 2025

4